IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EVANS, MELVIN | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:10-CV-2059B |
| | § | |
| HOME DEPOT U.S.A., INC. | § | |

### DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

Defendant Home Depot U.S.A., Inc. ("Home Depot") respectfully requests that this Court enforce a valid settlement agreement reached in this case which Plaintiff and Plaintiff's counsel now seek to undo.

1.  The underlying claims at issue in this lawsuit involve two alleged on-the-job trip-and-falls and additional claims for allegedly unpaid medical and wage replacement benefits.[1] Home Depot denies all liability to Plaintiff.

2.  The parties engaged in settlement discussions over a period of three weeks beginning with a settlement demand from Plaintiff for $150,000 received by Home Depot on October 14, 2010.[2] Defendants responded and then the parties exchanged offers and counter-offers.[3] In all, Home Depot sent Plaintiff four written settlement offers.[4] Each of these four offers was expressly conditioned on "a full release of all claims, including any employment-related claims, confidentiality, **and your client's resignation**."[5]

---

[1] See Plaintiff's First Amended Petition, Request for Disclosure, and Jury Demand at ¶¶ 5.02, 5.07, 6.03-6.05. Plaintiff's claims for allegedly unpaid benefits are preempted and governed by ERISA and were first brought by Plaintiff on September 14, 2010 and the case was then removed because of the presence of these federal causes of action. See Defendant's Notice of Removal.

[2] Ex. 1 (all Exhibit references are to attachments contained within Defendant's Appendix to Motion to Enforce Settlement Agreement).

[3] Exs. 2-9.

[4] Exs. 2, 4, 6 and 8.

[5] Id. (emphasis added).

Page 1

3. On October 28, 2010, Home Depot sent Plaintiff a final offer of $50,000 which like all of the others was conditioned on "a full release of all claims, including any employment-related claims, confidentiality, **and your client's resignation.**"[6]

4. On November 4, 2010, Plaintiff's counsel accepted Home Depot's final offer without qualification by e-mail.[7]

5. A settlement was reached. Home Depot's obligation per the settlement agreement is to pay $50,000 for which arrangements have already been made.[8] In exchange, Plaintiff agreed to a release of all claims, including any employment-related claims, to keep the settlement confidential, and **resigned**.[9]

6. Not long after this agreement was reached, counsel for Home Depot forwarded a formal release and, among other things, let Plaintiff's counsel know that Plaintiff need not show up at his assigned store for his scheduled work shift and that arrangements could be made with regard to any personal belongings.[10] After further exchanges and contrary to the express terms of the agreement, Plaintiff formally took the position that he had not resigned and would not agree to resignation.[11] Home Depot had already accepted Plaintiff's resignation, however,[12] and formally informed Plaintiff a second time later that same day.[13]

7. Contrary to Plaintiff's belated assertion, a clear settlement agreement containing all material terms was reached.[14] Home Depot sent an unambiguous settlement offer which was

---

[6] Ex. 8 (emphasis added).
[7] Ex. 9.
[8] Exs. 8 and 9.
[9] *Id.*
[10] Ex. 10.
[11] Ex. 11.
[12] Ex. 10.
[13] Ex. 12.
[14] Exs 8 and 9.

unequivocally accepted by Plaintiff's counsel without qualification.[15] As set forth in Home Depot's Brief in Support of this Motion, this Court has the inherent authority to enforce such agreements and should do so "summarily."[16] Home Depot respectfully requests that the Court enforce the agreement reached by the parties.

8. Looking at this matter from a purely practical perspective, the Court should be aware of the fact that Plaintiff was at all times prior to his resignation an "at will" employee of Home Depot. As such, Plaintiff could have been terminated for good cause or no cause at all. It is clear from the foregoing that Plaintiff voluntarily resigned his employment. Regardless, nothing about Plaintiff's employment status will change. Thus, the issue of whether Plaintiff wants to resign or not is all but academic. Plaintiff is not currently and will not be employed in the future by Home Depot.

## PRAYER

Pursuant to this Court's inherent authority, Defendant Home Depot, U.S.A., Inc. respectfully requests an order enforcing the plain and unambiguous settlement agreement entered into by the parties to this case and for such other and further relief to which it may be justly entitled.

---

[15] *Id.*
[16] *See* Defendant's Brief in Support of Motion to Enforce Settlement Agreement.

Respectfully submitted,

WINSTEAD PC

By: /s/ Peyton N. Smith
Peyton N. Smith
State Bar No. 18664350
Trek C. Doyle
State Bar No. 00790608
401 Congress Avenue, Suite 2100
Austin, Texas 78701
512.370.2800 (Telephone)
512.370.2850 (Telecopier)

**ATTORNEYS FOR DEFENDANT
HOME DEPOT U.S.A., INC.**

**CERTIFICATE OF CONFERENCE**

This will certify that counsel for the parties have conferred orally and writing concerning the substance of this Motion to Enforce Settlement Agreement and that Plaintiff is opposed to this Motion.

/s/ Trek C. Doyle
Trek C. Doyle

**CERTIFICATE OF SERVICE**

This will certify that a true and correct copy of the foregoing instrument has been mailed, telecopied or hand delivered to all attorneys of record in this cause of action on the 5th day of November, 2010:

Andrew Sommerman
Sommerman & Quesada, LLP
3811 Turtle Creek Blvd., Ste. 1400
Dallas, Texas 75219-4461
214-720-0720
214-720-0184 fax

/s/ Trek C. Doyle
Trek C. Doyle